IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| DAVID M. COOK, | * | |
| | * | |
| Plaintiff, | * | |
| | * | Civil Action No. 8:22-cv-01469-PX |
| v. | * | |
| | * | |
| USAA FEDERAL SAVINGS BANK, | * | |
| | * | |
| Defendant. | * | |
| | * | |
| | *** | |

## MEMORANDUM OPINION

Plaintiff David M. Cook brings this suit against Defendant USAA Federal Savings Bank ("USAA"), pursuant to the Electronic Fund Transfer Act ("EFTA"), 15 U.S.C. § 1693 *et seq*. ECF No. 1.  Presently pending is Defendant's Motion to Dismiss Plaintiff's Complaint (ECF No. 9) and Plaintiff's Motion to Request Court to Set an Initial Scheduling Conference or Issue Order to Compel Defendant to Participate in a Rule 26(f) Conference (ECF No. 18).  The motions are fully briefed, and no hearing is necessary.  *See* D. Md. Loc. R. 105.6.  For the reasons that follow, the Court finds that the Complaint is subject to dismissal, but will allow Cook 21 days to file a proposed amended complaint to cure the pleading deficiencies identified.  Cook's motion for a scheduling conference is denied as premature.

**I.     Background**

The Court accepts the Complaint facts as true and most favorably to Cook.  On June 15 and 16, 2021, Cook was "induced" by a third party "to enter into [two] transactions by fraud," which resulted in $1,500 being transferred from his USAA bank account.  ECF No. 1 ¶¶ 8–9. When Cook discovered that he had been scammed, he alerted USAA to the fraudulent transactions and sought help recovering the lost funds.  *Id.* ¶ 10.  USAA declined to investigate

the fraud and told Cook that there was "nothing" the bank could do to recover the money. *Id.* ¶ 11. Cook next filed this lawsuit, alleging that USAA violated its obligations under the EFTA by failing to perform a timely investigation or take any other appropriate action. *Id.* ¶¶ 20–23.

USAA moved to dismiss the Complaint, arguing that because Cook authorized the two questionable transactions, his notification to USAA was not concerning a "qualifying error" under the EFTA triggering any investigation requirement. ECF No. 9-1 at 3–5. Cook responded to the motion by appending a "declaration" to his pleading. *See* ECF Nos. 12 & 12-1. In the declaration, Cook asserts that he had been "induced" by a company named Air Duct Cleaners "to enter into the transaction by fraudulently representing that [his] payment would result in discounted renovation services. . . ." ECF No. 12-1 ¶ 9. Air Duct Cleaners tricked Cook into sending the payments, telling him that because the company credit card machines were down, payment had to be made by Zelle, an online money transfer service. *Id.* ¶ 7.

The day after Cook discovered he had been scammed, he implored USAA to do what it could to reimburse him for the lost funds and investigate the transactions. *Id.* ¶¶ 16–17. USAA initially refused, and so Cook continued to press USAA to investigate the fraud. *Id.* ¶¶ 18–30. Nearly a year later, USAA informed Cook that it was "closing the matter and denying [his] claim on the basis that [the] transactions were not unauthorized." *Id.* ¶ 30. Cook, however, maintains that USAA's investigation was untimely and insufficient, thus entitling him to proceed with his EFTA claim. ECF No. 12 at 12–15.

## II.     Standard of Review

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the complaint. *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006). The Court accepts "the well-pled allegations of the complaint as true," and construes all facts and reasonable inferences

most favorably to the plaintiff. *Ibarra v. United States*, 120 F.3d 472, 474 (4th Cir. 1997). To survive a motion to dismiss, a complaint's factual allegations "must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555). The Court must be able to deduce "more than the mere possibility of misconduct"; the facts of the complaint, accepted as true, must demonstrate that the plaintiff is entitled to relief. *See Ruffin v. Lockheed Martin Corp.*, 126 F. Supp. 3d 521, 526 (D. Md. 2015) (quoting *Iqbal*, 556 U.S. at 679), *aff'd in relevant part*, 659 F. App'x 744 (4th Cir. 2016).[1]

### III.  Analysis

The EFTA provides "a basic framework establishing the rights, liabilities, and responsibilities of participants in electronic fund transfer systems." 15 U.S.C. § 1693(b). Pursuant to the EFTA, where a customer reports a qualifying "error" involving an electronic fund transfer, the "financial institution shall investigate the alleged error, determine whether an error has occurred, and report or mail the results of such investigation and determination to the consumer within ten business days." *Id.* § 1693f(a). Pertinent here, an "error" may include an "unauthorized" electronic fund transfer; that is, a "transfer from a consumer's account *initiated by a person other than the consumer* without actual authority to initiate such transfer and from which the consumer receives no benefit." *Id.* §§ 1693f(f) & 1693a(12) (emphasis added). Once a customer provides notice of an erroneous electronic funds transfer, the financial institution must

---

[1] Although the Court construes the pleadings generously, it need not ignore that Cook, who is acting pro se, is a licensed attorney. ECF No. 13 at 1; *see Polidi v. Bannon*, 226 F. Supp. 3d 615, 617 n.1 (E.D. Va. 2016) (collecting cases).

3

investigate the error and, if verified, must credit the consumer's account within one business day of making that determination. *Id.* § 1693f(b). If the investigation cannot be completed within ten business days, the institution must "provisionally recredit the consumer's account for the amount alleged to be in error …, pending the conclusion of its investigation." *Id.* § 1693f(c).

USAA contends that because Cook authorized the money transfer, no "error" triggered the bank's obligation to investigate pursuant to the EFTA. ECF No. 9 at 4. Cook responds that because he complained about transactions that he "believed in good faith" to be "unauthorized," then USAA was required to investigate the matter regardless. ECF No. 12 at 13–14. Cook more specifically asserts that because he alerted the bank that he had been duped into transferring the funds, USAA was obligated to ascertain "whether an error exists," under the EFTA and its implementing regulation, "Regulation E." *See* 15 U.S.C. § 1693f(a); 12 C.F.R. 1005.11(a)(vii).

To "trigger a financial institution's obligations under the EFTA, consumers must identify a qualifying error." *In re: Bank of America California Unemployment Benefits Litigation*, No. 21-MD-2992-LAB-MSB, 2023 WL 3668535, at *6 (S.D. Cal. May 25, 2023). The only conceivable "error" involved the June 15 and 16 electronic funds transfers, which Cook admits to having sent because he had been "induced by fraud." ECF No. 1 ¶ 9. This averment, however, lends itself to only one plausible inference: that Cook authorized the transfer because he had been tricked by a third party. But the EFTA "does not hold banks liable for transfers . . . made with the customer's authorization." *Illsley v. Truist Bank*, No. 5:23-CV-97-BO-RJ, 2023 WL 3690094, at *2 (E.D.N.C. May 26, 2023); *see also Wilkins v. Navy Fed. Credit Union*, No. CV222916SDWESK, 2023 WL 239976, at *19 (D.N.J. Jan. 18, 2023); *Farrish v. Navy Fed. Credit Union*, No. CV DKC 16-1429, 2017 WL 4418416, at *5 (D. Md. Oct. 5, 2017), *aff'd*, 711 F. App'x 189 (4th Cir. 2018). Because the claimed "error" did not involve an unauthorized electronic transfer, USAA was under no

obligation to perform any investigation pursuant to the EFTA.  And no other facts suggest that the transfers, or Cook's communications about those transfers with USAA, involved any other qualifying error under the EFTA or Regulation E.  Thus, the claim fails as a matter of law.

Cook, in response, attempts to do that which the Federal Rules of Civil Procedure prohibit—supplement the Complaint facts through a responsive pleading.  *See McCray v. Equifax Consumer Servs., LLC*, No. RDB-18-0994, 2018 WL 4634195, at *2 (D. Md. Sept. 27, 2018); *Zachair Ltd. v. Driggs*, 965 F. Supp. 741, 748 n. 4 (D. Md. 1997).  Cook argues that because he believed Air Duct Cleaners' "credit card system was down," Cook was induced to send the funds by Zelle.  ECF No. 12-1 ¶ 7.  But even if the Court considers these additional facts, they only confirm that the transfers were *authorized*, and so, are not subject to the protections of the EFTA.

That said, Cook has not been given any opportunity to amend his Complaint to cure the pleading deficiencies, if possible.  Accordingly, the Court grants USAA's motion, but will allow Cook 21 days to file a proposed amended complaint that makes plausible what "qualifying error" he reported to USAA that would have triggered the EFTA's requirements.  Should Cook fail to file an amended complaint, the Complaint will be dismissed with prejudice and without further warning.

As for Cook's motion for a "scheduling conference," it is denied as premature.  A scheduling conference takes place only after the commencement of formal discovery, which does not begin until after the defendant answers the operative complaint.  *See* Loc. R. 104.4 (providing that "discovery shall not commence and disclosures need not be made until a scheduling order is entered"); *see also Thompson v. Dorsey*, No. CIV. ELH-10-1364, 2011 WL 2416631, at *1 (D. Md. June 9, 2011); *CDigital Markets, LLC v. Maxham*, No. CV RDB 06-2825, 2007 WL

9711662, at *2 (D. Md. Apr. 6, 2007).  Should Cook's amended complaint survive challenge, the Court will set pertinent deadlines, to include a scheduling conference.

## IV. Conclusion

For the foregoing reasons, the Court GRANTS the motion to dismiss and DENIES the motion to set an initial scheduling hearing or compel participation in a Rule 26(f) conference.  A separate Order follows.

June 12, 2023  /s/
Date  Paula Xinis
United States District Judge